## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

**CARISSA WESTER,**                         **Case No.  1:18-CV-00004-MW-GRJ**

  **Plaintiff,**

**v.**

**SHURGOOD ENTERPRISES, INC.**

  **Defendant.**

_____

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO
### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant, Shurgood Enterprises, Inc., by and through the undersigned

counsel, files its Answer and Affirmative Defenses to the Complaint and Demand

for Jury Trial ("Complaint") filed by Plaintiff, Carissa Wester.

### JURISDICTION

1.      Defendant admits that jurisdiction is proper in this Court in that Plaintiff

purports to bring an action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§ 201, *et seq.*, but denies that Plaintiff has any viable claims and further denies

liability to Plaintiff in any respect.

2.     Defendant admits that this Court has jurisdiction over this action, but denies that Plaintiff has any viable claims and further denies liability to Plaintiff in any respect.

3.     Defendant states that the allegations in Paragraph 3 of the Complaint call for a legal conclusion for which no answer is required.  Defendant further states that the FLSA and Federal Declaratory Judgment Act speak for themselves.

## PARTIES

4.     Defendant admits that during her employment with Defendant, Plaintiff represented to Defendant that she was a resident of Alachua County, Florida.

5.     Defendant admits the allegations in Paragraph 5 of the Complaint.

6.     Defendant admits the allegations in Paragraph 6 of the Complaint.

7.     Defendant admits the allegations in Paragraph 7 of the Complaint.

8.     Defendant admits the allegations in Paragraph 8 of the Complaint.

9.     Defendant admits the allegations in Paragraph 9 of the Complaint.

10.    Defendant admits the allegations in Paragraph 10 of the Complaint.

11.    The allegations in Paragraph 11 of the Complaint call for a legal conclusion for which no answer is required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 11 of the Complaint.

12.    Defendant admits the allegations in Paragraph 12 of the Complaint.

13.    Defendant admits the allegations in Paragraph 13 of the Complaint.

14.    Defendant admits the allegations in Paragraph 14 of the Complaint.

15.    Defendant admits the allegations in Paragraph 15 of the Complaint.

16.    The allegations in Paragraph 16 of the Complaint call for a legal conclusion for which no answer is required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 16 of the Complaint.

17.    The allegations in Paragraph 17 of the Complaint call for a legal conclusion for which no answer is required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 17 of the Complaint.

18.    Defendant admits that during Plaintiff's employment with Defendant, she was a manager who supervised Defendant's other employees, but denies that she was otherwise "essential" to Defendant's business.

## STATEMENT OF FACTS

19.    Defendant admits that it employed Plaintiff as a manager, but denies that Plaintiff was a non-exempt employee under the FLSA, and further denies liability to Plaintiff in any respect.

20.    Defendant admits it properly paid Plaintiff as a salaried, exempt employee, and that Plaintiff's salary was to cover all hours worked by Plaintiff, but denies the remaining allegations in Paragraph 20 of the Complaint, and further denies liability to Plaintiff in any respect.

21.    Defendant denies the allegations in Paragraph 21 of the Complaint, and further denies liability to Plaintiff in any respect.

22.    Defendant denies the allegations in Paragraph 22 of the Complaint, and further denies liability to Plaintiff in any respect.

23.    Defendant denies the allegations in Paragraph 23 of the Complaint, and further denies liability to Plaintiff in any respect.

24.    Defendant denies the allegations in Paragraph 24 of the Complaint and the sub-paragraph a. through c. thereto, and further denies liability to Plaintiff in any respect.

25.    Defendant denies the allegations in Paragraph 25 of the Complaint, and further denies liability to Plaintiff in any respect.

26.    Defendant admits the allegations in Paragraph 26 of the Complaint, but denies liability to Plaintiff in any respect.

27.    Defendant admits the allegations in Paragraph 27 of the Complaint, but denies liability to Plaintiff in any respect.

28.    Defendant denies the allegations in Paragraph 28 of the Complaint, and further denies liability to Plaintiff in any respect.

29.    Defendant admits that Richard Celler Legal, P.A. filed the present Complaint on Plaintiff's behalf, but is without knowledge or information concerning

the arrangement between Plaintiff and same, and therefore, denies the remaining allegations in Paragraph 29 of the Complaint.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION

30.     Defendant re-alleges its answers to Paragraphs 1 through 29 of the Complaint as if fully set forth herein.

31.     Defendant denies the allegations in Paragraph 31 of the Complaint, and further denies liability to Plaintiff in any respect.

32.     Defendant denies the allegations in Paragraph 32 of the Complaint, and further denies liability to Plaintiff in any respect.

33.     In response to Paragraph 33 of the Complaint, Defendant denies that Plaintiff was entitled to overtime compensation, and therefore, Defendant could not have "failed" to pay Plaintiff same.  Defendant denies the remaining allegations in Paragraph 33 of the Complaint, and further denies liability to Plaintiff in any respect.

34.     Defendant denies the allegations in Paragraph 34 of the Complaint, and further denies liability to Plaintiff in any respect.

35.     Defendant denies the allegations in Paragraph 35 of the Complaint, and further denies liability to Plaintiff in any respect.

36.     Defendant denies the allegations in Paragraph 36 of the Complaint, and further denies liability to Plaintiff in any respect.

Defendant denies that Plaintiff is entitled to any of the relief requested in the "WHEREFORE" Paragraph and sub-paragraphs a. through f. following Paragraph 36 of the Complaint or to any relief whatsoever.

## DEMAND FOR JURY TRIAL

Defendant admits that Plaintiff demands a trial by jury of all issues so triable, but denies there are any issues to be tried before a jury.

## STATEMENT OF AFFIRMATIVE DEFENSES

As separate and distinct defenses to the Complaint, Defendant states as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent she is making claims for relief beyond the applicable statute(s) of limitations period.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims under the FLSA are barred on the grounds that, pursuant to 29 U.S.C. §§ 258(a) and 259(a), the acts or omissions complained of in this action were taken in good faith and in conformity with and in reliance on written administrative regulations, orders, rulings, approvals or other interpretations of the

Administrator of the Wage and Hour Division of the Department of Labor, and based upon reasonable grounds that such acts or omissions were not violative of the FLSA or applicable law.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because she is exempt from the FLSA's minimum wage and overtime requirements under 29 U.S.C. § 213(a)(1) as a bona fide administrative and/or executive employee.

### FIFTH AFFIRMATIVE DEFENSE

Any claim for overtime compensation (which Defendant denies Plaintiff was eligible for or entitled to) must be offset by any compensation paid to Plaintiff, at her regular rate paid or otherwise, for hours worked in excess of 40 hours each workweek, if any.

### SIXTH AFFIRMATIVE DEFENSE

Even if the allegations contained in Plaintiff's Complaint are accepted as true (which they are not), to the extent the time for which Plaintiff alleges she has not been compensated involves only insubstantial or insignificant periods of time, these periods of time are *de minimis* and are not compensable under the FLSA pursuant to 29 C.F.R. § 785.47.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be dismissed to the extent they are barred by Plaintiff's unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

The claims alleged by Plaintiff, the existence of which are expressly denied, are barred to the extent Plaintiff seeks compensation for activities that are non-compensable under the FLSA, including, but not limited to, activities which were preliminary or post-liminary to the principal activity(ies).

## NINTH AFFIRMATIVE DEFENSE

In the event it is determined that Defendant engaged in any act or omission which may have violated the FLSA overtime provisions, which Defendant denies, such act or omission was in good faith and was based upon reasonable grounds for believing Defendant was not violating the FLSA.  Therefore, Defendant is not liable for liquidated damages.

## TENTH AFFIRMATIVE DEFENSE

 Defendant exercises reasonable care to prevent and promptly correct any alleged nonpayment of wages, the existence of which are expressly denied, and the Complaint is barred to the extent it is based on alleged uncompensated work about which Defendant did not know and had no reason to know.

## **RESERVATION OF RIGHTS**

Defendant reserves the right to assert any additional affirmative defenses that become known during the litigation of this matter.

**WHEREFORE**, having fully answered Plaintiff's Complaint and having raised affirmative defenses thereto, Defendant respectfully requests that the Court:

(a) dismiss with prejudice Plaintiff's Complaint in its entirety;

(b) enter judgment in favor of Defendant for all costs, disbursements, and attorneys' fees in defense of this action; and

(c) award Defendant such other and further relief as this Court may deem just and appropriate.

DATED this 26th day of January, 2018.

Respectfully submitted,

JACKSON LEWIS P.C.
501 Riverside Avenue, Suite 902
Jacksonville, FL  32202
Telephone:  (904) 638-2655
Facsimile:  (904) 638-2656

By: /s/ *B. Tyler White*
B. Tyler White
Florida Bar No. 0038213
whitet@jacksonlewis.com
Sean P. Walsh
Florida Bar No. 0113162
sean.walsh@jacksonlewis.com
Attorneys for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 26th day of January, 2018, the foregoing has been filed via CM/ECF and electronic notification served on the following:

Noah E. Storch, Esq.
Florida Bar No. 0085476
noah@floridaovertimelawyer.com
Richard Celler Legal, P.A.
7450 Griffin Road, Suite 230
Davie, Florida 33314
Phone: (866) 344-9243
Fax: (954) 337-2771

Attorney for Plaintiff

/s/ *B. Tyler White*
Attorney

4848-5472-1370, v. 2