UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CARISSA WESTER,           Case No. 1:18-CV-00004-MW-GRJ

   Plaintiff,

v.

SHURGOOD ENTERPRISES, INC.

   Defendant.

_____

## DEFENDANT'S MOTION FOR ORDER REFERRING THE PARTIES TO ATTEND A SETTLEMENT CONFERENCE BEFORE A MAGISTRATE JUDGE

Defendant, Shurgood Enterprises, Inc. ("Defendant"), by and through its undersigned counsel, files this Motion for an Order Referring the Parties to Attend a Settlement Conference before a Magistrate Judge and in support hereof states:

1. On January 29, 2018, the Court issued its Initial Scheduling Order (Doc. 6) ordering the Parties to discuss additional matters during the Rule 26(f) conference, including "[t]he possibility for prompt settlement or resolution of the case, and whether mediation … might be helpful in settlement."

2. After the Parties held the Rule 26(f) conference and filed the Joint Scheduling Report, the Court issued its Scheduling and Mediation Order on March

15, 2018.  *See* Doc. 10.  In the Scheduling and Mediation Order, the Court Ordered the Parties to mediate Plaintiff's claims.  *Id.*

3. In the Scheduling and Mediation Order, the Court further ordered the attorneys for each party to "consult with [their clients] about the advantages (including savings of costs and attorney's fees) and disadvantages of proceeding with mediation immediately rather than awaiting the deadlines set in this order."  *See* Doc. 10.  The Court advised that "[o]n a party's motion, the court will consider ordering that mediation commence immediately or at a time earlier than required by this order."  *See id.*

4. Since Plaintiff's Complaint was filed, the Parties have engaged in attempts to reach resolution.  Included in those attempts have been discussions between counsel regarding the benefits of early mediation, specifically, by settlement conference.  The undersigned has likewise had these discussions with Defendant, who agrees that an early settlement conference, without the time and expense of full discovery, will benefit the Parties, in light of the narrow scope of issues present in this litigation.

5. Defendant continues to assert that Plaintiff was its only manager on duty at its small diner, performed exempt duties, and received compensation that met the salary-basis test under the FLSA, exempting Plaintiff from the FLSA's minimum

wage and overtime requirements. However, the universe of damages and facts at issue are relatively limited, regardless of which Party's position is accepted as true.

6. In light of the foregoing, Defendant believes an early settlement conference conducted by a federal magistrate judge will be beneficial to the Parties' settlement efforts, either by prompting faster pre-conference negotiations, or by affording the Parties the opportunity to sit at the same table, which will potentially result in early resolution.

7. Defendant, therefore, requests that a settlement conference be ordered to avoid the Parties incurring the time and expense associated with litigation.

8. The undersigned has conferred with counsel for Plaintiff regarding the benefits of an early settlement conference; however, Plaintiff opposes the Motion on the grounds that Plaintiff believes a settlement conference will increase the Parties' fees and costs, and also believes that the litigation can be resolved without same.

WHEREFORE, Defendant respectfully requests that this Court enter an Order referring the Parties to a settlement conference before a Magistrate Judge.

## **LOCAL RULE 7.1 CERTIFICATE OF ATTORNEY CONFERRAL**

Pursuant to Local Rule 7.1, the undersigned movant hereby certifies that he conferred with Plaintiff's counsel in a good faith effort to resolve the issues presented in this Motion, yet was unable to resolve the issues without Court

intervention. Specifically, Plaintiff believes the Parties can resolve this litigation without a settlement conference, and any fees or costs associated with same.

### **LOCAL RULE 7.1(F) WORD LIMIT CERTIFICATE**

The undersigned hereby certifies that this Motion has a word count of 736 words and does not exceed the word limit of 8,000 words.

DATED this 2nd day of April, 2018.

>Respectfully submitted,
>
>JACKSON LEWIS P.C.
>501 Riverside Avenue, Suite 902
>Jacksonville, FL  32202
>Telephone:  (904) 638-2655
>Facsimile:  (904) 638-2656
>
>By: /s/ *B. Tyler White*
>B. Tyler White
>Florida Bar No. 0038213
>whitet@jacksonlewis.com
>Sean P. Walsh
>Florida Bar No. 0113162
>sean.walsh@jacksonlewis.com
>Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 2nd day of April, 2018, the foregoing has been filed via CM/ECF and electronic notification served on the following:

Noah E. Storch, Esq.
Florida Bar No. 0085476
noah@floridaovertimelawyer.com
Richard Celler Legal, P.A.
7450 Griffin Road, Suite 230
Davie, Florida 33314
Phone: (866) 344-9243
Fax: (954) 337-2771

Attorney for Plaintiff

                                                /s/ *B. Tyler White*
                                                 Attorney

4814-3700-5664, v. 1